### BOONE COUNTY *v.* L. H. DILS.

[Abstract Kentucky Law Reporter, Vol. 5—686.]

**Allowance of Officer's Fees.**

> The county court is a judicial tribunal, and when upon a claim filed for services by the clerk such a claim is allowed it is a final adjudication, and in the absence of fraud or mistake can not be renewed by the chancellor on account of an alleged mistake of law made by the county court.

### APPEAL FROM BOONE CIRCUIT COURT.

February 19, 1884.

OPINION BY JUDGE PRYOR:

The county court of Boone at its court of claims allowed to L. H. Dils, the county court clerk, various sums of money for services rendered as clerk, a part of which he may not have been entitled to and for which no allowance should have been made. After the several allowances had been made the money was collected and paid over to the claimant. Under the statute neither the circuit court nor this court had any revisory power over such allowances, the county court, the party making the allowance, having no right to appeal from its own judgment.

The county, by a legislative enactment obtained after the money had been collected and paid over to the appellee, was authorized to institute an action to recover the money back upon the alleged ground that it was allowed and paid under a mistake of law, and such is the character of action brought. The county court had full and complete jurisdiction over the subject-matter, and the justice or merits of the claim was the subject of judicial inquiry by that tribunal. Testimony may or at least could have been heard in regard to the nature of the services rendered, and the accounts and charges for services performed were filed in the county court and made the basis of the allowance of the various sums of money to

the appellee. It is not pretended that any fact relating to the claims were concealed from the court, or that the court had more light on the subject when this suit was brought than it had when the claims were allowed. It is alleged that they had discovered that the money was paid under a mistake of law, that is, the judicial tribunal had rendered a judgment for the appellee when it should have been rendered against him. This is not such a mistake as would authorize the chancellor to reverse the judgment. Errors in judgment committed in the course of a judicial inquiry are not a ground for relief in a court of equity. That the services were rendered is admitted by the petition, and that they were ex-officio services was, or should have been, as well understood when the allowance was made as when the present suit was instituted.

The county is in fact alleging that the justices made an improper allowance. This may be so, but if errors of courts of justice can be corrected in this manner it would not only open a new field of litigation, but if followed would result in the retrial or rehearing of every claim allowed by the county court since the passage of the act. While a change of remedies or the right to have issues of fact settled by existing rules of evidence are not vested rights, it might become important to ascertain the nature of the right vested in the appellee by the payment of the money to him before any remedy was afforded. This court in the case of the *Henderson & H. R. Co. v. Dickerson,* 17 B. Mon. (Ky.) 173, 66 Am. Dec. 148, determined that a statute giving the right to an appeal in a civil action where none existed before was not unconstitutional. In that case it was said "But a right to property is a perfect and exclusive right; and a right, therefore, to recover the amount of a judgment can not be called a perfect or a vested right." "A vested right to the latter (speaking of the judgment), in the proper sense of the term, could not accrue until the money was collected." Aside, however, from the constitutional question, it is not necessary to decide if such mistakes of judgment as were committed by the justices will not be inquired into by the chancellor. The county court assembled as a court of claims has a vast and comprehensive jurisdiction over all questions of allowances made to county creditors, as well as the finances of the county, and to require the claimant to litigate his claim before a tribunal having jurisdiction over the subject-matter, and then to permit the tribunal rendering the

judgment to say that it was rendered by mistake as to the law, would be to jeopardize the rights of the claimant and give to the chancellor a jurisdiction that was not intended to be conferred by the enactment. The allowance was not void, as the county court had jurisdiction over the entire subject-matter, and having to make its own allowances at the instance of the claimant it was not thought proper to permit an appeal by the county court from a judgment that the court itself had rendered. When the claimant has practiced a fraud on the county in obtaining the allowance or a mistake has been made we are not prepared to say that the court is without remedy in the absence of even any legislation on the subject. If the allowance had been made to the wrong person, or the sum of money designated as allowed to "A" when in fact it was allowed to "B", or a mistake in entering the amount when allowed made either by the clerk or the court, or where fraud is practiced in obtaining the allowance, we are inclined to think the county has a remedy in equity to correct it. But where the case is fully heard and the court upon the evidence allows more than it ought to have allowed, or makes an allowance within its jurisdiction when it ought not to have made it, these are not such mistakes as a court of equity would undertake to correct or were intended to be corrected by the enactment.

Judgment *affirmed*.

*Green & Riddell, for appellant.*

*O'Hara & Bryan, for appellee.*

